NICHOLAS M. WIECZOREK
State Bar No. 006170
**MORRIS POLICH & PURDY LLP**
3980 Howard Hughes Parkway, Suite 400
Las Vegas, Nevada 89169
Telephone: (702) 862-8300
Facsimile: (702) 862-8400
Attorney for Defendant
CHEMNUTRA INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARGARET PICUS, an individual; on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.; MENU FOODS INC.; DEL MONTE FOODS COMPANY; SUNSHINE MILLS, INC.; CHEMNUTRA INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Defendant ChemNutra Inc. ("ChemNutra") hereby gives notice of removal of the above-entitled action from the Eighth Judicial District Court of Nevada, Case No. A540315, to the United States District Court for the District of Nevada, and further states:

1. On April 30, 2007, plaintiff Margaret Picus ("Plaintiff") commenced suit against ChemNutra, Inc. in the Eighth Judicial District Court for the state of Nevada, by filing an action entitled Picus v. Wal-Mart Stores, et al. Case No. A540315.

2. On May 7, 2007, copies of the Summons and Complaint in the above-entitled action were served upon this removing defendant.

-1-
Notice Of Removal Of Action Pursuant to 28 U.S.C §1441

3.   True and correct copies of the Summons and Complaint constituting all of the papers and pleadings served upon ChemNutra and which are included in the court file are attached to the Affidavit of Nicholas M. Wieczorek ("Wieczorek Aff.") and marked collectively as "Exhibit A".

**JURISDICTIONAL BASIS FOR REMOVAL**

4.   This Court has original jurisdiction over this action pursuant to the provisions of the Class Action Fairness Act (CAFA) 28 U.S.C. § 1332(d)(2), and the general removal statute, 28 U.S.C. § 1441(b). The complaint is styled as a nationwide class action to recover monies that were paid by consumers for multiple brands of pet food products that plaintiff alleges were improperly labeled "made in USA" when plaintiff alleges they were not. These pet food brands are alleged to have been sold at Wal-Mart stores throughout the nation. Wieczorek Aff., Exhibit "A".

5.   This case is one of over 60 cases pending nationally arising out of the recent scandal concerning pet food that was allegedly contaminated with adulterated wheat gluten imported from the Peoples Republic of China. There is a hearing currently pending before the Judicial Panel on Multidistrict Litigation ("JPML") scheduled for May 31, 2007 in Las Vegas, Nevada. It is anticipated that at that time, all of the "pet food" cases will be consolidated and transferred to a single jurisdiction for all pre-trial proceedings. Attached to the Wieczorek Aff. as Exhibit "B" is a true and correct copy of the notice of hearing by the JPML.

6.   All of the requirements for removal under CAFA exist in this case. Minimal diversity exists from the face of the complaint because it is alleged on pages 6-7 that Plaintiff is a resident of Nevada and that defendant Wal-Mart Stores, is incorporated in Delaware and maintains its principal place of business in Arkansas.

7.   The allegations of the complaint reveal that there are at least 100 members of the plaintiff class because the complaint alleges that the multiple brands of dog food at issue were each sold by Wal-Mart in all 50 states.

8.   That the combined claims of the plaintiff class exceed $5,000,000 is also determinable from the face of the complaint. More specifically, paragraph 22 alleges that "it is impracticable to bring all members of the class before the Court. Plaintiff estimates that there are thousands of class

members geographically spread throughout Nevada and *millions* of class members, geographically spread throughout the United States." Wieczorek Aff., Exhibit "A". Even assuming that each class member only purchased one container of the allegedly mislabeled pet food, CAFA's amount in controversy would be met.

9. These same allegations of paragraph 22 of plaintiff's complaint also establish that this case does not fall within the "home state" exception to CAFA which requires that more than two thirds of the class members reside in the home state (in this case Nevada) or the "discretionary abstention" provision, which allows the federal court to abstain if at least one third of the class members reside in the state and the primary defendants are citizens of the state in which the action was filed. See 28 U.S.C. 1332(d)(3) and (4). As stated, the plaintiff's complaint itself states that whereas there are millions of class members across the country, only several thousands of these persons reside in Nevada.

10. On all of these bases, the action is removable under CAFA and 28 U.S.C. §1441(a).

11. This notice of removal is timely under the provisions of 28 U.S.C. §1446(b). The complaint in this case was served on ChemNutra on May 7, 2007 (Affidavit of Stephen S. Miller at para. 2.) and thus the 30-day time limit in which to remove this case has not run.

12. The United States District Court for the District of Nevada embraces the county in which the state court action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 84(c)(2).

13. Written notice of this removal is being served this date on counsel for Plaintiff pursuant to 28 U.S.C. § 1446(d).

14. A true and correct copy of this Notice of Removal is being filed this date with the Clerk of the Eighth Judicial District Court for the State of Nevada pursuant to 28 U.S.C. § 1446(d).

. . .

. . .

. . .

. . .

. . .

1  WHEREFORE, Defendant ChemNutra Inc. prays that the above-entitled action now pending
2  be removed to the United States District Court for the District of Nevada, and prays that said action
3  stand so removed.

4  DATED this 25 day of May, 2007.

MORRIS POLICH & PURDY LLP

By: _____
NICHOLAS M. WIECZOREK
State Bar No. 006170
3980 Howard Hughes Parkway, Suite 400
Las Vegas, Nevada 89169
Attorney for Defendant
CHEMNUTRA INC.

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of Morris Polich & Purdy LLP, and that on this 25 day of May, 2007, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441** as follows:

( X )  by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

(  )  to be hand-delivered to the attorneys listed below at the address indicated below:

Robert B. Gerard, Esq.
Nevada Bar No. 005323
Lawrence T. Osuch, Esq.
Nevada Bar No. 006771
GERARD & OSUCH, LLP
2840 South Jones Boulevard
Building D, Suite 4
Las Vegas, Nevada 89146
Telephone:     (702) 251-0093
Facsimile:         (702) 251-0094

Norman Blumenthal, Esq.
California State Bar No. 068687
BLUMENTHAL & NORDREHAUG
2255 Calle Clara
La Jolla, California 92037
Telephone:     (858) 551-1223
Facsimile:         (858) 551-1232

Attorneys for Plaintiffs

_L. Woodru[ff]_
An Employee of Morris Polich & Purdy LLP

## AFFIDAVIT OF STEPHEN S. MILLER

I, Stephen S. Miller, declare and say as follows:

1. I have personal knowledge of the facts set forth herein, and if called upon to testify thereto, I could and would competently testify to the same.

2. I am Chief Executive Officer of ChemNutra Inc. The Complaint entitled *Margaret Picus, et al. v. Wal-Mart Stores, Inc., et al.*, Clark County Nevada Case No. A 540315, was personally served upon ChemNutra Inc. on May 7, 2007.

I declare under penalty of perjury that the foregoing is true and correct and that this affidavit was executed in Las Vegas, Nevada on May 22, 2007.

_____
STEPHEN S. MILLER

Subscribed and Sworn to before me
on this 22 day of May, 2007.

Lisa L. Woodruff
_____
NOTARY PUBLIC in and for the
County of Clark, State of Nevada



My Commission Expires: 11-13-2007

-6-

**AFFIDAVIT OF STEPHEN S. MILLER**

# AFFIDAVIT OF NICHOLAS WIECZOREK

I, Nicholas M. Wieczorek, declare and say as follows:

1. I am a partner in the law firm of Morris Pollich & Purdy LLP, attorneys for defendant ChemNutra Inc. I have personal knowledge of the following facts and if called to testify thereto, I could and would do so competently.

2. Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint that was served on ChemNutra Inc. These documents represent all of the documents filed to date in the state court file.

3. Attached hereto as Exhibit "B" is a true and correct copy of the notice of hearing by the JPML.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in Los Vegas, Nevada on May 25, 2007.

_____
NICHOLAS M. WIECZOREK

Subscribed and Sworn to before me
on this 25 day of May, 2007.

_____
NOTARY PUBLIC in and for the
County of Clark, State of Nevada

My Commission Expires: 11·13·07

NOTARY PUBLIC
LISA L. WOODRUFF
STATE OF NEVADA · COUNTY OF CLARK
MY APPOINTMENT EXP. NOVEMBER 13, 2007
No: 99-21099-1