# EXHIBIT A

Dockets.Justia.com

# DISTRICT COURT
## CLARK COUNTY, NEVADA

### IN THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
### IN AND FOR THE COUNTY OF CLARK

MARGARET PICUS, an individual; on behalf of herself, and ) 
on behalf of all others similarly situated, )
                                           Plaintiffs, )
                   vs. )
WAL-MART STORES, INC.; MENU FOODS INC.;DEL )
MONTE FOODS COMPANY; SUNSHINE MILLS, INC.; )
CHEMNUTRA INC.; and DOES 1 through 100, Inclusive, )
                                           Defendants. )

CASE NO: A 540315
DEPT NO: XXIII

RECEIVED
MAY 0 7 2007
BY: _process service_

## SUMMONS

TO:     CHEMNUTRA, INC.
         810 South Durango Dr. Ste. 102
         Las Vegas, NV 89145

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

    **TO THE DEFENDANTS:** A Civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

            a.    File with the Clerk of the Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

            b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the plaintiff and this

Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Issued at the direction of:

SHIRLEY B. PARRAGUIRRE, CLERK OF COURT

_____
Robert B. Gerard, Esq.
Nevada State Bar #005323
Lawrence T. Osuch, Esq.
Nevada State Bar #006771
Jeremiah Pendleton, Esq.
Nevada State Bar #009148
GERARD & OSUCH, LLP
2840 S. Jones Boulevard
Building D, Suite #4
Las Vegas, Nevada 89146
Attorney for Plaintiffs

JULIE RICHMOND      APR 3 0 2007
DEPUTY CLERK       Date
Regional Justice Center
200 Lewis Street
Las Vegas, Nevada 89155

[DISTRICT COURT SEAL]

STATE OF NEVADA     )
                    ) ss.
COUNTY OF CLARK     )

### AFFIDAVIT OF SERVICE

I, _____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and First Consolidated Complaint on the _____ day of _____, 2007 and served the same on the _____ day of _____, 2007 by:

**(affiant must complete the appropriate paragraph)**

1. delivering and leaving a copy with the defendant _____
at (state address) _____

2. serving the defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's usual place of abode located at: _____.

(use paragraph 3 for service upon agent, completing A or B)

3. serving the defendant _____ by personally delivering and leaving a copy at the defendant's last known address which is:

   a. with _____ as _____, as agent lawfully designated by statute to accept service of process;

   b. with _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method:

   _____ ordinary mail
   _____ certified mail, return receipt requested
   _____ registered mail, return receipt requested

   addressed to the defendant.

   _____
   Signature of person making service

SUBSCRIBED AND SWORN to before
me this _____ day of _____, 2007.

_____
NOTARY PUBLIC in and for said
County and State

My commission expires: _____
(SEAL)

\\\\Ncserver\nvcompany\data\Menu Foods\summons chempultra.doc

```
1  COM
   Robert B. Gerard, Esq.
2  Nevada State Bar #005323
   Lawrence T. Osuch, Esq.
3  Nevada State Bar #006771
   Gerard & Osuch, LLP
4  2840 South Jones Boulevard
   Building D, Suite #4
5  Las Vegas, Nevada 89146
   Telephone:  (702) 251-0093
6  Facsimile:  (702) 251-0094

7  Norman Blumenthal, Esq.
   California State Bar #068687
8  Blumenthal & Nordrehaug
   2255 Calle Clara
9  La Jolla, California 92037
   Telephone:  (858) 551-1223
10 Facsimile:  (858) 551-1232

11 Attorneys for Plaintiffs
```

FILED
APR 30  11 21 AM '07
CLERK OF THE COURT

# EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARGARET PICUS, an individual; on behalf of herself, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WAL-MART STORES, INC; MENU FOODS INC.; DEL MONTE FOODS COMPANY; SUNSHINE MILLS, INC.; CHEMNUTRA INC.; and DOES 1 through 100, Inclusive, <br> Defendants. | CASE NO.: A540315 <br><br> COMPLAINT  XXIII <br><br> (JURY DEMAND) <br><br> ARBITRATION EXEMPTION (CLASS ACTION) |

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff MARGARET PICUS ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action as a class action against Defendants WAL-MART STORES, INC.; MENU FOODS INC.; DEL MONTE FOODS COMPANY; SUNSHINE MILLS, INC.; CHEMNUTRA INC., and DOES 1 through 100, inclusive (hereinafter collectively referred to as "Defendants"), for violations of applicable consumer fraud statutes, for unjust enrichment, and for fraud by omission and concealment. Plaintiff alleges, based upon information and belief, except where otherwise stated, as follows:

## NATURE OF THE ACTION

1. The instant Class Action Complaint involves a scheme among the Defendants through which Ol' Roy brand pet food products were expressly sold to consumers as "Made in USA," when in fact components of the Ol' Roy brand pet food products were made and/or manufactured in China. Plaintiffs seek restitution and/or damages for all consumers throughout the United States who purchased "Ol' Roy" brand pet food products which represent on the product label to have been "Made in USA" during the applicable Class Period. The Ol' Roy brand pet food products which are the subject of this suit are the following specific products:

   a. Pouch with Beef
   b. Pouch with Chicken
   c. Pouch with Filet Mignon
   d. Pouch with Chicken Teriyaki
   e. Pouch with Beef/Noodle/Vegetable
   f. Pouch with Lamb/Rice/Gravy
   g. Pouch with Stew
   h. Pouch with Turkey
   I. Can SI Beef
   j. Can SI Chicken
   k. Ol' Roy Beef Flavor Jerky Strips Dog Treats
   l. Ol' Roy County Stew Hearty Cuts in Gravy Dog Food
   m. Ol' Roy with Beef Hearty Cuts in Gravy Dog Food
   n. Ol' Roy with Beef Hearty Strips in Gravy Dog Food
   o. 4-Flavor Large Biscuits
   p. Peanut Butter Biscuits

In addition, there may be other Ol' Roy brand pet food products that were similarly labeled as "Made in USA" but contained components that were imported from outside of the United States.

2

Plaintiff will therefore amend to list any additional Ol' Roy brand pet food products which were sold as "Made in USA" but contained components that were imported from outside the United States as such additional Ol' Roy brand pet food products are identified through discovery.

2. Central to the Defendants' marketing of certain of their products is the representation and designation that such products were and are "Made in USA." Defendants package these products with the designation on the label or packaging, in capital and bold lettering, that the products were "MADE IN USA." Studies show that the "MADE IN USA" is a substantial factor in consumer purchasing decisions. Moreover, in the context of food products, the designation that the products were "Made in USA" becomes a central and primary concern because of concerns about the health and safety of the pet and the differences in health and safety procedures in foreign countries.

3. At all relevant times, Defendant Wal-Mart Stores, Inc. operated a nationwide chain of retail stores selling a wide variety of consumer goods including pet food products under the brand name "Ol' Roy" after the famous Wal-Mart founder Sam Walton's bird dog, Ol' Roy. Defendant Wal-Mart Stores, Inc. operated these retail stores in Nevada and sold pet food products under the brand name "Ol' Roy" to consumers in Nevada and throughout the United States

4. All of the pet food products under the brand name "Ol' Roy" sold to consumers in Nevada and nationwide have substantially the same product label. On each package of Ol' Roy pet food, the label uniformly represents that the product was "MADE IN USA" in capital letters. A true and correct exemplar copy of an Ol' Roy pet food label attached hereto as Exhibit #1, evidencing the uniform representations regarding geographic origin of the product. All of the Ol' Roy pet food sold by Wal-Mart Stores, Inc. contains identical or substantively similar representations as to the geographic origin of the product being "Made in USA."

5. At all relevant times, Ol' Roy brand pet foods were not "Made in USA" as falsely advertised, but instead, were manufactured either in whole or in part, in China. On or after March 16, 2007, as a result of the FDA investigation into these products, Defendants disclosed for the first time that the Ol' Roy brand pet food products contained ingredients manufactured in

China.

6. At all relevant times, Defendants WAL-MART STORES, INC. ("Wal-Mart") MENU FOODS INC. ("Menu"), DEL MONTE FOODS COMPANY ("Del Monte"), and SUNSHINE MILLS, INC. ("Sunshine") were companies that each participated in the manufacture and/or distribution of an Ol' Roy brand pet food product and were responsible in some part, for the misrepresentation that the Ol' Roy product was "Made in USA." Wal-Mart, Menu, Del Monte and Sunshine each participated in the packaging or labeling of different Ol' Roy brand pet food products, each with the fraudulent representation of geographic origin. Wal-Mart, Menu, Del Monte and Sunshine each knew or exercised conscious disregard for the truth that Ol' Roy brand pet food products were not "Made in USA," but instead, were manufactured either in whole or in part, in China. Despite this knowledge, they nevertheless participated with Wal-Mart in the fraudulent labeling of Ol' Roy pet food products as "Made in USA." Wal-Mart, Menu, Del Monte and Sunshine each knew that the fraudulent labeling of Ol' Roy brand pet food products as "Made in USA" would be reasonably relied upon by end consumers. Despite this knowledge, they nevertheless participated in fraudulent labeling of Ol' Roy brand pet food products, distributing Ol' Roy products to Wal-Mart for the intended purpose of sales to the consumers in Nevada and nationwide, without any reasonable grounds to believe that the products were "Made in USA."

7. At all relevant times, Defendant CHEMNUTRA INC. ("Chemnutra") is the company responsible, whole or in part, for importing the manufactured wheat gluten ingredient in Ol' Roy brand pet food products from China and supplying the same for use in the Ol' Roy brand pet food products. The Chinese product imported by CHEMNUTRA was actually used in the Ol' Roy brand pet food products. Although importing the manufactured wheat gluten ingredient from China, CHEMNUTRA nevertheless participated in the scheme and practice of labeling the Ol' Roy brand pet food products as "Made in USA" and/or were responsible for the mislabeling of the Ol' Roy brand pet food products as "Made in USA."

8. Under the federal regulations established by the Federal Trade Commission, for a product to be called "Made in USA," the product must be "all or virtually all" made in the U.S.

4

The term "United States," includes the 50 states, the District of Columbia, and the U.S. territories and possessions. Under this standard, "All or virtually all" means that "all significant parts and processing that go into the product must be of U.S. origin. That is, the product should contain no — or negligible — foreign content." See Federal Trade Commission Statement "Complying with the Made In the USA Standard."

9. The Ol' Roy brand pet food products that were imported, manufactured and sold by Defendants were comprised of components that were manufactured outside of the United States, including but not limited to China. At all relevant times prior to March 16, 2007, Defendants failed to disclose and concealed the fact that Ol' Roy brand pet food products contained ingredients or components that were manufactured and/or made in China and failed to exercise the necessary skill and care required to determine the accuracy of this statement.

10. Contrary to Defendants' packaging of Ol' Roy brand pet food products, (a) the Ol' Roy products contain certain components that have been entirely or substantially made, manufactured or produced outside of the United States, and (b) not all, or virtually all, of each Ol' Roy product is "Made in USA." Defendants have fraudulently concealed the material facts at issue herein by failing to disclose to the general public the true facts regarding the country of origin designation appearing on the Ol' Roy brand pet food products. The disclosure of this information was necessary in order to make the Defendants' representations regarding product origin not misleading. Defendants possess superior knowledge of the true facts, including knowledge that certain components were imported under a "Made in China" designation, which was not disclosed and which was necessary to discover the wrongful conduct, thereby tolling the running of any applicable statute of limitation.

11. Consumers and users of these products are particularly vulnerable to these deceptive and fraudulent practices. Defendants were in the exclusive possession of information regarding the country of origin for Ol' Roy brand pet food products. Most consumers possess very limited knowledge of the likelihood that products claimed to be "Made in USA" are in fact made, in whole or in part, in foreign countries. This is a material factor in many people's purchasing decisions, as they believe they are buying truly American products and supporting

American companies and American jobs. Consumers generally believe that "Made in USA" products are higher quality products than those of other countries. Unaware of the falsity of the Defendants' country-of-origin claims, Plaintiff and the other members of the Class were fraudulently induced to purchase Ol' Roy brand pet food products under false pretenses and at premium prices. State and federal laws are uniformly designed to protect consumers from this type of false advertising and predatory conduct. Defendants' deception of consumers is ongoing and will victimize consumers every day until it is altered by judicial intervention.

12. The country-of-origin designation is especially important and material in the context of food products because of the protections afforded by the Food and Drug Administration, and local health agencies, over food products made in the United States. For example, food products made in foreign countries can be grown or made using banned pesticides and/or chemicals, which one would not expect to find in Made in USA food products. Consumers who purchase food products designated with the "Made in USA" reasonably believe that they are purchasing product which has been grown and made in accordance with state and federal regulations. These same regulations are not present in foreign countries where unsafe and deleterious chemicals may be used without regulatory oversight. This concern is evidenced by the 2007 recall of many Ol' Roy brand pet food products, which was ordered because of the presence of chemicals which were illegal for use in food in the United States. This would not have occurred if the products were in fact "Made in USA" as represented.

## THE PARTIES

13. The Plaintiff MARGARET PICUS is, and at all time mentioned herein was, a resident of Nevada, who purchased Ol' Roy brand pet food products at a Wal-Mart retail store located in Henderson, Nevada during the Class Period. The Plaintiff purchased Ol' Roy brand pet food products as a consumer for the household purpose of feeding the product to her beloved pet.

14. Defendant WAL-MART STORES, INC. is and at all times mentioned herein was,

6

a corporation organized under the laws of Delaware, authorized to conduct business in Nevada, and has a principal place of business in Arkansas. At all relevant times, Wal-Mart conducted and conducts substantial business in the State of Nevada and substantially availed and avails itself of the consumer pet food market in Nevada and the United States.

15. Defendant MENU FOODS INC. is and at all times mentioned herein was, a corporation organized under the laws of New Jersey with a principal place of business in Ontario, Canada. At all relevant times, Menu conducted and conducts substantial business in the State of Nevada and substantially availed and avails itself of the consumer pet food market in Nevada and the United States.

16. DEL MONTE FOODS COMPANY is and at all times mentioned herein was, a corporation organized under the laws of Delaware with a principal place of business in San Francisco, California. At all relevant times, Del Monte conducted and conducts substantial business in the State of Nevada and substantially availed and avails itself of the consumer pet food market in Nevada and the United States.

17. SUNSHINE MILLS, INC. is and at all times mentioned herein was, a corporation organized under the laws of Delaware with a principal place of business in Alabama. At all relevant times, Sunshine conducted and conducts substantial business in the State of Nevada and substantially availed and avails itself of the consumer pet food market in Nevada and the United States.

18. CHEMNUTRA INC. is and at all times mentioned herein was, a corporation residing in and with a principal place of business in Nevada. At all relevant times, Chemnutra conducted and conducts substantial business in the State of Nevada and substantially availed and avails itself of the consumer pet food market in Nevada and the United States.

19. Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sued these Defendants by fictitious names. Plaintiffs will amend further this Class Action Complaint to allege the true names and capacities of these Defendants if and when they are ascertained. Each of these Defendants, sued by the fictitious DOE designation, was in some manner responsible for the acts, omissions,

misrepresentations, non-disclosures, breach of warranties, fraud, unjust enrichment, deceptive business practices, violation of statutes, aiding and abetting the scheme, and other wrongdoing as alleged herein, all of which directly and proximately caused damage to Plaintiffs. Plaintiffs are further informed and believe that said Defendants, some of them, each of them and/or all or them were the knowing and willful participants in a scheme to promote, market, sell, advertise, or otherwise benefit from the sale of mislabeled Ol' Roy brand pet food products.

## JURISDICTION AND VENUE

20. This Court has jurisdiction over this action, and venue is proper in Clark County, Nevada, because (1) the Plaintiff's purchases of Ol' Roy brand pet food products occurred in Clark County, (2) the Plaintiff resides in Clark County, (3) sale of Ol' Roy brand pet food products to members of the Class occurred in Clark County, (4) Chemnutra is located in Las Vegas, Nevada, and (5) the deceptive trade practices that give rise to this claim emanated from and occurred, in whole or in part, in Nevada.

## CLASS ALLEGATIONS

21. Plaintiff brings this action pursuant to Rule 23 of the Nevada Rules of Civil Procedure as a nationwide class action on her own and on behalf of a class defined as:

ALL INDIVIDUALS IN THE UNITED STATES WHO PURCHASED ONE OR MORE OL' ROY BRAND PET FOOD PRODUCTS PRIOR TO MARCH 16, 2007

The OL' ROY BRAND PET FOOD PRODUCTS which are the subject of this suit are the following specific products:

a. Pouch with Beef
b. Pouch with Chicken
c. Pouch with Filet Mignon
d. Pouch with Chicken Teriyaki
e. Pouch with Beef/Noodle/Vegetable
f. Pouch with Lamb/Rice/Gravy
g. Pouch with Stew
h. Pouch with Turkey
i. Can SI Beef
j. Can SI Chicken
k. Ol' Roy Beef Flavor Jerky Strips Dog Treats
l. Ol' Roy County Stew Hearty Cuts in Gravy Dog Food
m. Ol' Roy with Beef Hearty Cuts in Gravy Dog Food

8

      n. Ol' Roy with Beef Hearty Strips in Gravy Dog Food
      o. 4-Flavor Large Biscuits
      p. Peanut Butter Biscuits

In addition, other Ol' Roy brand pet food products may also have been similarly labeled as "Made in USA" but contained components that were imported from outside of the United States. Plaintiff will therefore amend to list any additional Ol' Roy brand pet food products which were sold as "Made in USA" but contained components that were imported from outside the United States as such additional Ol' Roy brand pet food products are identified through discovery. Excluded from the Class are Defendants, any parent, subsidiary or affiliate of Defendants, and their officers, directors, and employees of Defendants, and any judicial officer who may preside over this cause of action.

    22.     The requirements for maintaining this action as a class action are satisfied in that:

        a.     It is impracticable to bring all members of the Class before the Court. Plaintiff estimates that there are thousands of Class Members geographically spread throughout Nevada and that there are millions of Class Members, geographically spread throughout the United States. Attempting to join and name each Class member as a Co-Plaintiff would be unreasonable and impracticable.

        b.     There are questions of law and fact common to the Class, which are identical for each member of the Class and which predominate over the questions affecting the individual Class members, if any. Among these common questions of law and fact are:

            (I)     Whether Defendants made deceptive representations or designations of geographic origin in connection with Ol' Roy brand pet food products;

            (I)     Whether the representations or designations of geographic origin in connection with Ol' Roy brand pet food products violated 15 U.S.C. §45a;

            (ii)     Whether Ol' Roy brand pet food products were represented on the package labeling to have been "MADE IN USA";

9

(iii) Whether all, or virtually all, of the Ol' Roy brand pet food products were "Made in USA"; ;

(Iv) Whether Defendants were unjustly enriched through the distribution and/or sale of Ol' Roy brand pet food products as "Made in USA";

(v) Whether Defendants concealed the true origin of Ol' Roy brand pet food products and omitted the fact that Ol' Roy brand pet food products contained components that were manufactured and made, in whole or in part, outside the United States;

(vi) Whether Defendants participated in the alleged mislabeling of Ol' Roy brand pet food products as "Made in USA";

(vii) Whether Defendants knew or should have known that Ol' Roy brand pet food products contained components that were manufactured and made, in whole or in part, outside the United States;

(viii) Whether the members of the Class sustained damage as a result of the Defendants' conduct;

(ix) Whether the Defendants unfairly or unlawfully received and/or retained revenue acquired through the scheme alleged herein;

(x) Whether the Defendants engaged in a uniform corporate policy of marketing Ol' Roy brand pet food products as "Made in USA";

(xi) Whether the applicable statute of limitations was tolled by virtue of Defendant's concealment and fraud;

(xii) Whether the Defendants committed fraud in the marketing, distribution and/or sale of Ol' Roy brand pet food products and whether Defendants participated in such fraud.

e. The claims of the representative Plaintiff are typical of the claims of the

Class in that the Plaintiff purchased Ol' Roy brand pet food products prior to March 16, 2007. The claims of both the named Plaintiff and the claims of all other Class members result from Defendants' actions in marketing and/or labeling Ol' Roy brand pet food products as "Made in USA" which were in fact made, manufactured or produced with certain components made outside of the United States.

    d.    The claims of the representative Plaintiff will fairly and adequately protect the interests of the Class. The Class interests are coincident with, and not antagonistic to, those of the Plaintiff. Furthermore, Plaintiff has retained and is represented by experienced class action counsel.

23.    In this action, Plaintiff and the Class seek all relief authorized under Nevada law for which class-wide relief is available, disgorgement, restitution and reasonable attorneys' fees and costs incurred in the prosecution of this action. There are no manageability problems due to variations in state laws or choice of law provisions, because the representations of "Made in USA" were uniform and systematic and the laws of the United States and of all 50 states prohibit and make unlawful the designation of "Made in USA" on a product that is not made in the U.S.A. Further, the deceptive or false designation of geographic origin is actionable in all 50 states, and there are no relevant variations in the law of the states which impact the claims asserted herein. The performance of applicable choice of law or conflict of law analysis does not render the class unmanageable, moreover, any manageability issue which may arise can be handled through the use of a subclass.

24.    A class action is superior to any other available methods for the fair and efficient adjudication of this controversy. The amount of each individual claim is too small to warrant individual litigation. Even if any group of class members itself could afford individual litigation, such a multitude of individual litigation would be unduly burdensome to the courts in which the individual litigation would proceed. The class action device is preferable to individual litigation because it provides the benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a single court. Finally, class wide litigation will insure that wrong doers do not retain the ill-gotten gains acquired through their wrongful conduct.