25. A certified Class for injunctive relief is appropriate because Defendants have uniformly acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the Class as a whole. Conjunctively, or alternatively, a class certified for restitution and/or damages is also appropriate. The common questions of law and fact predominate over individual questions because all injuries sustained by any member of the Class arise out of the singular conduct of the defendant in uniformly providing deceptive representations regarding the Ol' Roy brand pet food products and selling such products to the Class through deceptive and unlawful representations regarding the geographic origin of the products.

## COUNT I

### VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT AND SIMILAR STATUTES IN OTHER STATES
(Against All Defendants)

26. Plaintiff repeats, incorporates by reference and realleges the allegations contained in Paragraphs 1-25 above as if fully set forth herein.

27. Plaintiff brings this claim under Nevada consumer fraud laws, particularly NRS Sections 41.600 and 598.0915, on behalf of herself and the Class who purchased Ol' Roy brand pet food products and who were thus uniformly subject to Defendants' above-described deceptive, unlawful and fraudulent conduct. The laws of every other state are identical to and/or substantively similar to Nevada consumer fraud laws in that federal law and the laws of every state prohibit the use of deceptive representations regarding the geographic origin of products, and every state similarly authorizes an action by consumers for such conduct. In addition, the laws of the state of Delaware, and in particular 6 Del. C. § 2532(a)(4) is identical to that of Nevada N.R.S. §598.0915.

28. The Ol' Roy brand pet food products, as described above, were purchased by the Plaintiff and by other consumers similarly situated primarily for personal, family, or household purposes. Millions of units of Ol' Roy brand pet food products were sold in the United States prior to March 16, 2007.

12

29. The Defendants violated their statutory duty by working in concert and each participating in an elaborate scheme wherein Defendants deliberately mislabeled products or caused products to be mislabeled as to their geographic origin for the purpose of deceiving consumers, increasing sales and reducing costs. Defendants also acted deceptively and unfairly because all of the Ol' Roy brand pet food products had the deceptive appearance of a product that was made in the USA.

30. The Defendants violated their duty under the aforementioned statutes, including but not limited to, N.R.S § 598.0915 (4), by, among other things, making false representations and/or designations as to the geographic origin of the Ol' Roy brand pet food products. This conduct violates Nevada law, and the law of every other state, including but not limited to California (Cal. Civil Code §1770(a)(4)), Arkansas (Ark. Stat. Ann. §4-88-107(a)(1)), Alabama (Code of Ala. §8-19-5(4)), and Delaware (6 Del. C. §2532), all of which laws are identical in prohibiting deceptive representations or designations of geographic origin in the marketing and sales of goods.

31. The Defendants' actions as alleged herein were unfair and deceptive and constituted fraud, misrepresentation and the concealment, suppression and omission of material facts with the intent that Plaintiff and the Class would rely upon the fraudulent misrepresentation, concealment, suppression and omission of such material facts, all in violation of the applicable Consumer Fraud and Deceptive Business Practices Acts.

32. Each Ol' Roy brand pet food product represented to the Plaintiff and every other member of the Class, at the time of purchase, that the Ol' Roy brand pet food product was "MADE IN USA" without qualification. Contrary to such representation, each Ol' Roy brand pet food product purchased by the Plaintiff and by every other member of the Class uniformly contained component(s) that were made and/or manufactured outside of the United States.

33. These representations were made by Defendants to Plaintiff and the Class in writing on the label of each Ol' Roy brand pet food product purchased by the Plaintiff and by every other member of the Class, at the time of their respective purchases. Because the true facts concerning the use component(s) that were made and/or manufactured outside of the United

13

States were concealed by Defendants and never disclosed until after March 16, 2007, the true facts concerning the geographic origin of the products were not and could not have been known to Plaintiff or any other member of the Class.

34. When making the representations on the label that the products were "Made in USA", the Defendants intended that the representations be relied upon by all consumers in making their purchase.

35. All other states have consumer fraud statutes which are substantially similar to the Nevada Consumer Fraud Act. To the extent that the Nevada Consumer Fraud Act my be found not to protect the residents of other states, the consumer fraud acts of the Defendants' forum state could be applied to all members of the Class.

36. Plaintiff was injured by the many violations of the Nevada Consumer Fraud Act, and parallel sister state statutes, and Plaintiff has thereby been damaged in an amount to be proven at trial. As a direct and proximate result of the acts and practices alleged above, members of the general public who purchased the subject Ol' Roy brand pet food products from Defendants, including the Plaintiff, lost monies in a sum currently unknown but subject to proof at the time of trial. This Court is empowered to, and should, order restitution to all persons from whom Defendants deceptively, unfairly and/or unlawfully took money in order to accomplish complete justice.

## COUNT II
## FRAUD-INTENTIONAL NON-DISCLOSURE OF MATERIAL FACTS
### (Against All Defendants)

37. Plaintiff repeats, incorporates by reference and realleges the allegations contained in Paragraphs 1-36, above as if fully set forth herein.

38. The Defendants, working in concert under the above-described elaborate, fraudulent scheme, intentionally concealed and failed to disclose material facts about Ol' Roy brand pet food products and the true facts that should have been made known to the public and the Plaintiff Class prior to their purchase of Ol' Roy brand pet food product. In particular, the Defendants failed to

14

disclose the material facts alleged herein above with regard to the true geographic origin of important and substantial component(s) of Ol' Roy brand pet food products. By way of further information, Plaintiff further allege as follows:

**Defendants:**

39. The Defendants participation in the fraudulent scheme is set forth as follows:

   a. <u>Who:</u> The Defendants each participated in the labeling of Ol' Roy brand pet food products as "Made in the USA" when they each knew that the Ol' Roy brand pet food products were not made in USA and contained important and substantial component(s) that were made and/or manufactured outside of the United States.

   b. <u>When:</u> The Ol' Roy brand pet food products deceptively represented their geographic origin as herein alleged at all times prior to March 16, 2007, when the true origin of these products were disclosed for the first time as a result of an investigation by the Food and Drug Administration.

   c. <u>Where:</u> On the label and/or packaging of the Ol' Roy brand pet food products sold in Nevada and throughout the United States.

   d. <u>Nature of Fraud:</u> This was a fraud as to the geographic origin where "Made in USA" designation was used on each package to give the appearance that the product was made in the USA, by United States workers and farmers, and under the protection of United States laws, when in fact, the Defendants knew or should have known the Ol' Roy brand pet food products were comprised of component(s) that were made and/or manufactured outside of the United States. In fact, Chemnutra admitted in its recall notices that the component(s) of Ol' Roy brand pet food products were originally labeled as "Made in China", which designation apparently was changed and/or altered by Defendants before sale to consumers.

   e. <u>How and When Were Material Facts Concealed From The Plaintiffs:</u> Defendants failed to disclose and concealed the true geographic origin of component(s) of the Ol' Roy brand pet food products.

40. These non-disclosures of material fact were made intentionally in order to deceive the Plaintiff and the other Class members, to induce their reliance, and in order to enrich the

15

Defendants by using sub-standard foreign components and passing such components off to the public as "MADE IN USA." Said non-disclosures were made for the purpose of facilitating and/or aiding and abetting the scheme to market and sell these products to the public using deceptive representations of geographic origin.

41. If Plaintiff and the other members of the Class had known of the facts which Defendants and each of them failed to disclose, they would never have purchased the Ol' Roy brand pet food products as they did.

42. Defendants' non-disclosures of material facts have caused damage to Plaintiff and the other members of the Class.

## COUNT III

### Unjust Enrichment

### (Against All Defendants)

43. Plaintiff repeats, incorporates by reference and realleges the allegations contained in Paragraphs 1-42 above as if fully set forth herein.

44. By labeling products as "Made in USA", Defendants represented that the subject "Made in USA" products have the characteristic of being made in America and the benefits of American-made products, which they do not have. Defendants have represented that the subject "Made in USA" products have the status of American-made products and the affiliation and connection with America, which they do not have. Moreover, Defendants have represented that the subject "Made in USA" products have the standard, quality, and grade of American-made products, which is not true. This "Made in USA" designation is a material and substantial factor in consumers' purchasing decisions, because consumers believe they are buying truly American products and supporting American companies and American jobs. Consumers generally believe that "Made in USA" products are higher quality products than those of other countries. Further, this "Made in USA" designation is especially important with respect to food products, because only through the Made in the USA designation can consumers insure that the products were not produced using illegal or banned chemicals or pesticides. This concern is evidenced by the recall of Ol' Roy

16

brand pet food products which was ordered because the products were found to contain substances which are not approved for use in food products in the United States, and the reason they contained such deleterious chemicals is because component(s) of the subject products were not made and/or manufactured in the United States, but instead were imported from countries with no such health protections.

45. In reality, the Ol' Roy brand pet food products were not made of all or substantially all American-made products. In particular, component(s) of the products were imported from outside the United States, including but not limited to wheat gluten imported from China. In the example of the wheat gluten from China, such components were imported as "Made in China" however, the Defendants changed and/or altered such designation to falsely state "Made in USA."

46. Defendants have benefitted and been enriched by the above-alleged conduct. Defendants sold the Ol' Roy brand pet food products with the false designation that the Ol' Roy brand pet food products were "Made in USA" and thereby unjustly reaped benefits and profits from consumers and the Class as a result of these representations. Defendants received and continues to receive sale benefits and profits at the expense of Plaintiff and the Class using such deceptive representation and designations.

47. Defendants used the aforementioned representations to induce Plaintiff and the other members of the Class to purchase the Ol' Roy brand pet food products. Accordingly, Defendants received benefits which they have unjustly retained at the expense of Plaintiff and the Class members. Defendants have knowledge of this benefit, voluntarily accepted such benefit, and retained the benefit. Plaintiff, and other consumers similarly situated, did not receive the benefits of American-made products and the added health protection flowing from such products, for which they bargained and paid a premium price. As a direct and proximate result of this conduct, Plaintiff and the other members of the Class were deprived of the benefits and money they expended which were improperly retained by Defendants, and are therefore entitled to restitution in an amount equivalent to the value of the benefit.

48. As a direct and proximate result of the Defendants conduct and unjust enrichment,

Plaintiff and the Class Members have suffered injury and seek relief in an amount necessary to restore them to the positions they would be in had Defendants not been unjustly enriched.

### REQUEST AND PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants as follows:

1. Certify this action as a class action;

2. Award damages and/or restitution in an amount to be proven at trial;

3. Order declaratory relief finding that Defendants have engaged in deceptive trade practices or practices in violation of federal and state law.

4. Order injunctive relief enjoining Defendants and their officers, directors, agents, distributors, servants, employees, attorneys, and all others in active concert or participation with Defendants, or any of them, jointly and severally, during the pendency of this action and permanently thereafter from falsely representing the origin of the products;

5. Award pre-judgment and post-judgment interest at the maximum rate allowed by law and costs of suit;

6. Award Plaintiff attorneys' fees and all litigation expenses as allowable by law. Alternatively, for all attorneys' fees and all litigation expenses to be awarded pursuant to the substantial benefit doctrine or other authority requiring Defendants to pay Plaintiff's attorneys' fees and litigation expenses. Alternatively, for attorneys' fees and other litigation expenses to be paid under the common fund doctrine or any other provision of law; and

7. Order such other and further relief as the Court may deem just and proper.

//
//
//
//
//
//

DATED this the 30 day of April, 2007.

GERARD & OSUCH, LLP

By: /s/

Robert B. Gerard, Esq.
Nevada State Bar #005323
Lawrence T. Osuch, Esq.
Nevada State Bar #006771
2840 South Jones Blvd. D-4
Las Vegas, NV 89146
Telephone:   (702) 251-0093
Facsimile:    (702) 251-0094

Norman Blumenthal, Esq.
California State Bar #068687
Blumenthal & Nordrehaug
2255 Calle Clara
La Jolla, California 92037
Telephone:   (858) 551-1223
Facsimile:    (858) 551-1232

*Attorneys For The Plaintiffs*

## DEMAND FOR JURY TRIAL

PLAINTIFFS demand jury trial on issues triable to a jury.

Dated: April 30, 2007
49.

GERARD & OSUCH, LLP

By: _____
Robert B. Gerard, Esq.
Nevada State Bar #005323
Lawrence T. Osuch, Esq.
Nevada State Bar #006771
530 Las Vegas Blvd. South, Fourth Floor
Las Vegas, Nevada 89101

Norman Blumenthal, Esq.
California State Bar #068687
Blumenthal & Nordrehaug
2255 Calle Clara
La Jolla, California 92037
Telephone:  (858) 551-1223
Facsimile:  (858) 551-1232

*Attorneys For The Plaintiffs*

**EXHIBIT #1**

Case 2:07-cv-00686   Document 1   Filed 05/25/2007   Page 10 of 13





